IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| S.L., <br><br> Plaintiff, <br><br> VS. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | 1:19-CV-55 (TQL) |

**ORDER**

Plaintiff filed this action on April 12, 2019. (Doc. 1). Plaintiff was required to file his brief in support of his Complaint by Monday, September 16, 2019. On February 26, 2020, Plaintiff was ordered to show cause as to why his case should not be dismissed for failure to prosecute and failure to follow the rules of this Court. (Doc. 16). Upon consideration of Plaintiff's response to the Show Cause Order, the Court gave Plaintiff an additional twenty-one days to file an out of time brief on March 23, 2020. (Doc. 18). As of the date of this Order, Plaintiff has failed to file a brief with the Court.

Under Rule 41(b) of the Federal Rules of Civil Procedure, a case may be dismissed upon a determination of a "clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985). Litigants proceeding *pro se* are not exempt from this requirement of diligent prosecution. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). The court's inherent power to dismiss cases in which the plaintiff has failed to diligently prosecute his action "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R.*, 370 U.S. 626, 629-30 (1962); *see also Mosley v. Knighton*, 2016 WL 2889019,

*2 (M.D. Ga. May 17, 2016) ("A court may also dismiss an action for a plaintiff's failure to prosecute sua sponte via the inherent powers 'vested in courts to manage their own affairs so as to achieve orderly and expeditious disposition of cases.'") (quoting *Link,* 370 U.S. at 630-31). "[A] court may only order dismissal when '(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice.'" *Mosley*, 2016 WL 2889019, at *2 (quoting *World Thrust Films, Inc. v. Intl'l Fam. Entm't, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995)).

A review of this entire action reveals a clear record of delay or willful contempt on the part of Plaintiff. The Court finds that lesser sanctions will not suffice. Thus, the undersigned **DISMISSES** Plaintiff's Complaint without prejudice for his failure to diligently prosecute this case and for his failure to comply with the Court's Orders.

**SO ORDERED**, this 23rd day of April, 2020.

s/ **THOMAS Q. LANGSTAFF**
UNITED STATES MAGISTRATE JUDGE

#

#