**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| S.L., : | |
| : | |
| Plaintiff, : | |
| : | 1:19-CV-55 (TQL) |
| VS. : | |
| : | |
| Commissioner of Social Security, : | |
| : | |
| Defendant. : | |
| _____ : | |

**ORDER**

Plaintiff filed this Social Security appeal on April 12, 2019, challenging the Commissioner's finding that he was liable for an overpayment. (Doc. 1). Both parties consented to the United States Magistrate Judge conducting any and all proceedings herein, including but not limited to, ordering the entry of judgment. (Doc. 4; Clerk's entry on April 22, 2019). The parties may appeal from the judgment, as permitted by law, directly to the Eleventh Circuit Court of Appeals. 28 U.S.C. § 636(c)(3). Jurisdiction arises under 42 U.S.C. § 405(g). All administrative remedies have been exhausted.

*Legal Standard*

In reviewing the final decision of the Commissioner, this Court must evaluate whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards to the evidence. *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, which is defined as more than a mere scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005); *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991).

"Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). "In contrast, the [Commissioner's] conclusions of law are not presumed valid . . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius*, 936 F.2d at 1145-46.

## *Statement of Facts and Evidence*

Willie B. Lester, Jr. was entitled to disability insurance benefits beginning in March 1984. (Tr. 95). Plaintiff was appointed representative payee for Mr. Lester in October 2001. (Tr. 95). In April 2009, Mr. Lester's benefits were ceased due to his substantial and gainful work activity. (Tr. 37, 95). However, these benefits should have been suspended starting in May 2008, which caused an overpayment. (Tr. 37). Mr. Lester stopped working in June 2011, and his benefits were reinstated. (Tr. 95). Money was withheld from Mr. Lester's checks each month to repay the overpayment. (Tr. 65). Mr. Lester died in January 2014. (Tr. 133). At the time of his death, Mr. Lester's total overpayment was $27,681.30. (Tr. 67).

As the representative payee for Mr. Lester, Plaintiff is jointly liable for the overpayment. (Tr. 99). Plaintiff requested a waiver of overpayment, but the request was denied. (Tr. 87-94, 101-02). Plaintiff requested a hearing before an administrative law judge ("ALJ"). (Tr. 103). At the hearing, Plaintiff testified that he was without fault for the overpayment because he did not apply to be Plaintiff's representative payee and was not aware that he was considered to be the representative payee until 2009 or 2010. (Tr. 186-87). In a decision dated April 27, 2018, the ALJ found Plaintiff was at fault and held Plaintiff liable for the overpayment. (Tr. 17-20). This decision

became the final decision of the Commissioner upon the Appeals Council denying review. (Tr. 7-9).

## DISCUSSION

Plaintiff challenges the ALJ's decision because he never agreed to be the representative payee for Mr. Lester. (Doc. 23, pp. 1-2). Generally, the Commissioner is required to recover overpayments. *See* 42 U.S.C. § 404(a)(1)(A). While the Administration may have been at fault in making the overpayment, that fact does not relieve the individual from liability for an overpayment. 20 C.F.R. § 404.507. However, an individual can request that the overpayment be waived. 20 C.F.R. § 404.506(b). The following two-prong test is used to determine if a waiver of overpayment is appropriate: "(1) whether the overpaid individual was without fault in connection with the overpayment; and (2) if so, whether recovery would either defeat the purposes of Title II of the Act or be against equity and good conscience." *Graverson v. Comm'r of Soc. Sec.*, 2019 WL 1552737, at *3 (M.D. Fla. Apr. 10, 2019). "The burden is upon the claimant to establish the negative prerequisite ('without fault'), before the Secretary considers the second tier of the waiver statute." *Viehman v. Schweiker*, 679 F.2d 223, 227 (11th Cir. 1982).

In determining whether an individual was without fault, the Commissioner "will consider all pertinent circumstances, including the individual's age and intelligence, and any physical, mental, educational, or linguistic limitations (including any lack of facility with the English language) the individual has." 20 C.F.R. § 404.507. An individual may be found not to be without fault if the overpayment was the result of:

> (a) An incorrect statement made by the individual which he knew or should have known to be incorrect; or
> (b) Failure to furnish information which he knew or should have known to be material; or
> (c) with respect to the overpaid individual only, acceptance of a payment which he either knew or could have been expected to know was incorrect.

*Id.* The overpaid individual includes the representative payee. *Zilahy v. Astrue*, 2012 WL 4207381, at *11 (M.D. Fla. Sept. 19, 2012) (applying 20 C.F.R. § 404.507(c) to a representative payee).

In determining that Plaintiff was at fault for the overpayment, the ALJ noted that the preponderance of the evidence showed that Plaintiff was the representative payee for Mr. Lester since at least 2001. (Tr. 19). The ALJ relied upon the numerous Social Security Administration notices addressed to Plaintiff for Mr. Lester without objection or question, an unsigned document from October 11, 2001 where Plaintiff requested appointment as representative payee for Mr. Lester, and numerous Representative Payee Reports signed by Plaintiff. (Tr. 19). The ALJ found there was no evidence in the record that Plaintiff was unable to understand or read the forms which identified him as the representative payee. (Tr. 19). Plaintiff testified that he was unaware of his representative payee status because Mr. Lester was psychotic, threatening, and controlled the mail in the house. (Tr. 19). The ALJ did not find this testimony to be credible as Mr. Lester's work history indicated that he was able to control his behavior. (Tr. 19). The ALJ also noted that Plaintiff lived and worked with Mr. Lester, which demonstrated that he was involved in Mr. Lester's life and was aware of Mr. Lester's work activities. (Tr. 19).

A review of the ALJ's fault determination shows it is supported by substantial evidence. *See Austin v. Shalala*, 994 F.2d 1170, 1174 (5th Cir. 1993) (concluding that an ALJ could find a plaintiff at fault for an overpayment when the plaintiff signed, without reading, a form containing incorrect information); *Demir v. Colvin*, 2015 WL 3396551, at *3 (N.D. Ill. May 26, 2015) (finding an ALJ's decision that the representative payee was at fault for an overpayment was supported by substantial evidence when the representative payee was aware of the beneficiary's work, but failed to report the work); *Stockton v. Sullivan*, 1991 WL 426452, at *4 (N.D. Ala. July 23, 1991) (finding an ALJ's determination of fault was supported by substantial evidence when the ALJ properly

discredited the plaintiff's testimony as inconsistent with the record). As the ALJ's decision regarding Plaintiff's fault is supported by substantial evidence, the Court need not address the second prong of the waiver analysis. *See Viehman*, 679 F.2d at 227.

## CONCLUSION

As the Commissioner's decision that Plaintiff was not without fault in causing the overpayment is supported by substantial evidence, the Commissioner's decision is **AFFIRMED** pursuant to Sentence Four of § 405(g).

**SO ORDERED**, this 11th day of September, 2020.

s/***THOMAS Q. LANGSTAFF***
UNITED STATES MAGISTRATE JUDGE